# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **COALITION FOR CLEAN AIR, a California nonprofit corporation; CENTER FOR ENVIRONMENTAL HEALTH, a California nonprofit Corporation; ASSOCIATION OF IRRITATED RESIDENTS, a California nonprofit organization; TEAMSTERS JOINT COUNSEL 7, an organized labor union; KEVIN LONG, an individual,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**VWR INTERNATIONAL, LLC, a Delaware corporation; and DOES 1-X, inclusive,**<br><br>**Defendants.** | **1:12-CV-01569-LJO-BAM**<br><br>**ORDER VACATING NOVEMBER 13, 2012 HEARING AND ORDERING FURTHER BRIEFING TO COINCIDE WITH PENDING MOTION TO DISMISS** |

  This case arises under the citizen suit provision of the Clean Air Act ("CAA"), 42 U.S.C. § 7604(a). Plaintiffs, a coalition of environmental and labor interests, allege that Defendant VWR International, LLC, ("VWR"), a laboratory supply distributor, violated San Joaquin Valley Air Pollution Control District ("District") Rule 9510, implemented and approved as part of California's State Implementation Plan ("SIP") under the CAA. Before the Court for decision is Plaintiffs' request for a preliminary injunction. Doc. 6. Defendants filed an opposition, Doc. 10, to which Plaintiffs replied, Doc. 14. The request for a preliminary injunction was originally set for hearing on November 13, 2012. One day after the request for a preliminary injunction became ripe, Defendants filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), setting that motion for hearing on December 10, 2012. Doc. 17.

Having carefully reviewed all of the materials submitted thus far, including the recently-filed motion to dismiss, the Court is not convinced that the harms alleged in the request for injunctive relief are of such urgency that the request could not be addressed alongside the motion to dismiss, which raises several, non-frivolous issues going to both the jurisdiction of this Court and the merits of Plaintiffs' claims. In addition, the Court is not prepared to issue a ruling on the request for a preliminary injunction without further briefing on the subject described below.

One issue raised by the request for a preliminary injunction is the effect of the "mitigate or pay" nature of Rule 9510 on the presence of irreparable harm.[1] A review of the text of the Rule itself reveals that a covered applicant/facility need not actually make any emissions reductions on its own premises. Rather, the applicant may cause reductions to occur elsewhere, or may pay the District a fee, which the District "shall" use to cause emissions reductions elsewhere. The Court is unable to determine from the existing record how the operation of this fee system would impact Plaintiffs' claim of irreparable harm. If the fee is paid, the Rule simply states that the District shall utilize the moneys in "an expeditious manner." Neither party has explored the regulatory language in any detail.

It is worth noting that in approving Rule 9510, the Environmental Protection Agency ("EPA") noted that any fees paid under Rule 9510 would be used to generate off-site emissions reductions, usually by way of a contract between the District and the off-site emitter. 76 Fed. Reg. 26609, *26612-13 (May 9, 2011). EPA expressed particular concern that these contracts would not result in enforceable emissions reductions. *Id.* As a result, EPA "approved Rule 9510" but did not "assign any emissions reduction credit to the rule for purposes of any attainment or progress demonstration in any area." *Id*. The question arises: How can one be irreparably harmed by a facility's failure to apply for a permit, when it is possible, if not likely, that all the facility would be required to do under such a permit would be to pay a fee that would go into a fund that might not be used right away to create emissions

---

[1] A similar issue is raised in the motion to dismiss as part of Defendants' standing challenge. Doc. 17-1 at 15-16.

2

reductions that are not counted toward any emissions target? The parties are directed to address this issue in any further briefing by, among other things, discussing the Rule, the EPA's perspective on the rule, and any relevant caselaw that might shed light on the issue of irreparable harm. Plaintiffs may do so in a separate filing, not more than seven pages in length, filed alongside any opposition to the motion to dismiss. Defendants may file a response, not more than seven pages in length, alongside their reply to the motion to dismiss.

The November 13, 2012 hearing on the request for a preliminary injunction is VACATED.

IT IS SO ORDERED.

Dated:   **November 8, 2012**                    **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE