UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **COALITION FOR CLEAN AIR**, a California nonprofit corporation; **CENTER FOR ENVIRONMENTAL HEALTH**, a California nonprofit Corporation; **ASSOCIATION OF IRRITATED RESIDENTS**, a California nonprofit organization; **TEAMSTERS JOINT COUNSIL 7**, an organized labor union; **KEVIN LONG**, an individual,<br><br>**Plaintiffs,**<br><br>v.<br><br>**VWR INTERNATIONAL, LLC**, a Delaware corporation; and DOES 1-X, inclusive,<br><br>**Defendants.** | 1:12-CV-01569-LJO-BAM<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING** |

This case arises under the citizen suit provision of the Clean Air Act ("CAA"), 42 U.S.C. § 7604(a). Plaintiffs, a coalition of environmental and labor interests, allege that Defendant VWR International, LLC, ("VWR"), a laboratory supply distributor, violated San Joaquin Valley Air Pollution Control District ("District") Rule 9510, implemented and approved as part of California's State Implementation Plan ("SIP") under the CAA, by failing to apply for an Indirect Source Review ("ISR") permit prior to obtaining approval to open and/or operate a trucking distribution facility in Visalia, California. Before the Court for decision is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Doc. 17, and Plaintiffs' cross motion for partial summary adjudication, Doc. 23.

The Court has carefully reviewed the entire record and believes that a key issue in this case is whether language in Visalia Municipal Code ("VMC") § 17.28.040A renders the Visalia Site Plan Review Committee's actions in connection with VWR's project "discretionary" as that term is defined in Rule 9510. It appears that a very similar, but not entirely identical, issue was discussed by the California Court of Appeals for the Fifth Circuit in its September 14, 2012 ruling in *Coalition for Clean*

*Air et al. v. City of Visalia et al.*, Case No. F062983 ("State Court Action").[1] The status of the State Court Action is relevant to Defendant's contention that this Court should abstain from hearing this matter under either *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), and/or *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). Yet, the record contains little information about the current status of the State Court Action.

Accordingly, the Parties are directed to file a <u>joint</u> status report, describing the current posture of the State Court Action and any anticipated future activity in that case. In particular, the Parties shall articulate whether interpretation of VMC § 17.28.040A is still at issue in the case, and, if so, the context in which any such interpretations may be made. For example, the September 14, 2012 decision in the State Court Action mentioned VMC § 17.28.040A in the context of its discussion of a mandamus claim. Do other claims remain that may require interpretation of VMC § 17.28.040A? The joint status report shall <u>not</u> contain legal argument regarding application of the abstention doctrines noted above.

The Parties are directed to file the joint status report, which shall be no longer than 7 pages in length, on or before January 31, 2013. If, after making reasonable attempts to resolve any disagreements, the Parties cannot agree on the content of the joint status report, they are to articulate any disagreements therein.

IT IS SO ORDERED.

Dated:   **January 24, 2013**              /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE

---

[1] The Court takes judicial notice that the California Supreme Court recently denied VWR's petition for review of the Fifth District Court of Appeals' ruling.

2